## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **AUTOMATION MIDDLEWARE SOLUTIONS, INC.,** | § § § | |
| **Plaintiff,** | § § | **C.A. No. _____** |
| **v.** | § § | **JURY TRIAL DEMANDED** |
| **EMERSON ELECTRIC COMPANY, FISHER-ROSEMOUNT SYSTEMS, INC. D/B/A EMERSON PROCESS MANAGEMENT, and ROSEMOUNT, INC.,** | § § § § § § | |
| **Defendants.** | § § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Automation Middleware Solutions, Inc. ("AMS" or "Plaintiff") files this Original Complaint against Emerson Electric Company ("Emerson") and Fisher-Rosemount Systems, Inc. and Rosemount, Inc. (collectively, "Emerson" or "Defendants") for infringement of U.S. Patent No. 6,513,058 ("the '058 patent"), U.S. Patent No. 6,516,236 ("the '236 patent"), and U.S. Patent No. 8,073,557 ("the '557 patent").

### THE PARTIES

1.     Automation Middleware Solutions, Inc. is a Texas corporation with its principal place of business at 505 E. Travis St., Suite 203, Marshall, TX 75670.

2.     Emerson Electric Company is a Delaware corporation with its principal place of business at 8000 W Florissant Ave, St. Louis, MO 63136. This Defendant may be served with process through its agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

3.      Fisher-Rosemount Systems, Inc., d/b/a Emerson Process Management, is a Delaware corporation with its principal place of business at 1100 W. Louis Henna Blvd., Bldg 1, Round Rock, Texas 78681. This Defendant may be served with process through its agent CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136. This Defendant does business in the State of Texas and in the Eastern District of Texas.

4.      Rosemount, Inc. is a Minnesota corporation with its principal place of business at 8000 Norman Center Drive, Bloomington, Minnesota, 55437. This Defendant may be served with process through its agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136. This Defendant does business in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 1367.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b). On information and belief, each Defendant is deemed to reside in this judicial district. Each Defendant has committed acts of infringement in this judicial district, has regular and established places of business in this judicial district, and/or has purposely transacted business in this judicial district, including but not limited to making sales in this district, providing service and support to their respective customers in this district, and/or operating an interactive website, available to persons in this district that advertises, markets, and/or offers for sale infringing products.

8.    On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.  Each Defendant has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in Texas and this District. Emerson has sought protection and benefit from the laws of the State of Texas by maintaining a corporate presence in Texas through its subsidiaries such as Fisher-Rosemount, Inc., by maintaining offices in Texas and by placing infringing products into the stream of commerce through an established distribution channel with the awareness and/or intent that they will be purchased by consumers in this District.

## BACKGROUND

9.    In the early 1990s, inventors Dave Brown and Jay Clark conceived of a system for motion control utilized in the products and services offered by the company they founded, ROY-G-BIV Corp.  The '058 patent, the '236 patent, and the '557 patent ("the patents-in-suit") asserted in this Complaint are the subject of Dave Brown and Jay Clark's invention.  The inventors' patented approach to universal connectivity has since become the industry standard.

10.    The patentability of the patents-in-suit has been confirmed through both reexamination and *inter partes* review before the United States Patent and Trademark Office. Specifically, on June 28, 2011, the USPTO issued reexamination certificates confirming the patentability of all 10 claims of the '236 patent and all 5 claims of the '058 patent, without amendment.  Additionally, the claims of the '058 patent, '236 patent, and '557 patent were

challenged in <u>five</u> *inter partes* review proceedings.  In each case, the Patent Trial and Appeal Board confirmed the patentability of all claims without amendment.

11.    The '058 and '236 patents have been previously asserted in this District in *ROY-G-BIV Corp. v. Fanuc Ltd. et al.*, Case No. 2:07-cv-00418-DF (E.D. Texas) and the '058, '236, and '557 patents were previously asserted in this District in the matters of *ROY-G-BIV Corp. v. ABB, Ltd., et al.*, Case No. 6:11-cv-00622-LED-ZJH (E.D. Texas), *ROY-G-BIV Corp. v. Honeywell Int'l., Inc., et al.*, Case No. 6:11-cv-00623-LED-ZJH (E.D. Texas), and *ROY-G-BIV Corp. v. Siemens Corp., et al.*, Case No. 6:11-cv-00624-LED-ZJH (E.D. Texas).  In those proceedings, over fifty claim terms from the patents-in-suit were construed by the Court in this District.

12.    Upon information and belief, Defendants make, use, offer to sell, and/or sell within, and/or import into the United States motion control systems that incorporate the fundamental technologies covered by the patents-in-suit.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,513,058)

13.    AMS incorporates paragraphs 1 through 12 herein by reference.

14.    U.S. Patent No. 6,513,058, entitled "Distribution of Motion Control Commands Over a Network," was duly and legally issued by the U.S. Patent and Trademark Office on January 28, 2003 after full and fair examination.  The '058 patent has been assigned to AMS, and AMS holds all rights, title, and interest in the '058 patent, including the right to exclude others and to enforce, sue, and recover damages for past, present, and future infringements.  A true and correct copy of the '058 patent is attached as Exhibit A.

15.    The '058 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

16.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and all predecessors-in-interest to the '058 patent have complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement.

17.     Defendants have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more  claims of the '058 patent in this judicial district and elsewhere in Texas and the United States without the consent or authorization of AMS, by or through their making, having made, offering for sale, selling, importing, and/or  using motion control systems including, for example, the Emerson DeltaV Distributed Control System suite of products which includes but is not limited to Emerson OPC products such as OPC.Net and OPC Server, and the AMS Device Manager; and the RS3 process control system, and software (the "Emerson Motion Control Systems").

18.     Defendants directly infringe the apparatus claims of the '058 patent by making, using, offering to sell, selling, and/or importing the Emerson Motion Control Systems. Defendants also directly infringe the '058 patent by making, using, selling, offering for sale, and/or importing the Emerson Motion Control Systems to practice the claimed methods. Defendants are thereby liable for direct infringement.

19.     Additionally, Defendants are liable for indirect infringement of the '058 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the Emerson Motion Control Systems to practice the claimed methods. Since obtaining knowledge of the '058 patent, Defendants have specifically intended and continue to specifically intend for persons who acquire and use the Emerson Motion Control Systems, including Defendants' customers to use such systems in a manner that infringes  the '058 patent.

20.     Defendants have had knowledge of the '058 patent, at least as early as service of this Complaint. *See, e.g.*, *Patent Harbor, LLC v. Dreamworks Animation SKG, Inc.*, No. 6:11-cv-229, 2012 U.S. Dist. LEXIS 114199, at *17 (E.D. Tex. Jul. 27, 2012).

21.     Despite having knowledge of the '058 patent, Defendants named in this Count have specifically intended and continue to specifically intend for persons who acquire and use the Emerson Motion Control Systems, including Defendants' customers, to use such systems in a manner that infringes one or more claims of the '058 patent. This is evident when Defendants encourage and instruct customers and other end users in the use and operation of the Emerson Motion Control Systems via advertisement and instructional materials, in addition to providing consulting services on the use and operation of the Emerson Motion Control Systems.

22.     In particular, despite having knowledge of the '058 patent, Defendants have provided, and continue to provide, product descriptions and instructional materials, such as user guides, owner manuals, and similar online resources (available for example, via http://www2.emersonprocess.com/en-us/brands/deltav/documentation/pages/index.aspx, http://www2.emersonprocess.com/en-us/brands/deltav/documentation/pages/release-113.aspx, and https://www.youtube.com/results?search_query=emerson+DeltaV,   and other instructional materials and documentation provided or made available by Defendants to customers after purchase) that specifically teach the customers and other end users to use the Emerson Motion Control Systems in an infringing manner. By providing such instructions, Defendants know (and have known), or should know (and should have known), that their actions have, and continue to, actively induce infringement.

23.     Additionally, Defendants named in this Count know, and have known, that the Emerson Motion Control Systems include proprietary hardware components and software

instructions that work in concert to perform specific, intended functions. Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '058 patent and are not staple articles of commerce suitable for substantial non-infringing use.

24.    On information and belief, Defendants Emerson Automation and Emerson Technologies test, make, use, offer for sale, sell, and/or import the Emerson Motion Control Systems described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution, sale, and operation of such systems. Accordingly, Emerson Automation and Emerson Technologies are jointly, severally, or alternatively liable for infringements described in this Count.

25.    AMS has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to AMS in an amount that adequately compensates AMS for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## <u>COUNT II</u>

### (INFRINGEMENT OF U.S. PATENT NO. 6,516,236)

26.    AMS incorporates paragraphs 1 through 12 herein by reference.

27.    U.S. Patent No. 6,516,236, entitled "Motion Control Systems," was duly and legally issued by the U.S. Patent and Trademark Office on February 4, 2003 after full and fair examination.  The '236 patent has been assigned to AMS, and AMS holds all rights, title, and interest in the '236 patent, including the right to exclude others and to enforce, sue, and recover damages for past, present, and future infringements.  A true and correct copy of the '236 patent is attached as Exhibit B.

28.    The '236 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

29.    Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and all predecessors-in-interest to the '236 patent have complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement.

30.    Defendants have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more  claims of the '236 patent in this judicial district and elsewhere in Texas and the United States without the consent or authorization of AMS, by or through their making, having made, offering for sale, selling, importing, and/or using motion control systems including, for example, Emerson DeltaV Distributed Control System suite of products which includes but is not limited to Emerson OPC products such as OPC.Net and OPC Server, and the AMS Device Manager; and the RS3 process control system, and software (the "Emerson Motion Control Systems").

31.    Defendants directly infringe the apparatus claims of the '236 patent by making, using, offering to sell, selling, and/or importing the Emerson Motion Control Systems. Defendants also directly infringe the '236 patent by making, using, selling, offering for sale, and/or importing the Emerson Motion Control Systems to practice the claimed methods. Defendants are thereby liable for direct infringement.

32.    Additionally, Defendants are liable for indirect infringement of the '236 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the Emerson Motion Control Systems to practice the claimed methods. Since obtaining knowledge of the '236 patent, Defendants have specifically intended and continue

to specifically intend for persons who acquire and use the Emerson Motion Control Systems, including Defendants' customers to use such systems in a manner that infringes the '236 patent.

33.    Defendants have had knowledge of the '236 patent, at least as early as service of this Complaint. *See, e.g.*, *Patent Harbor, LLC v. Dreamworks Animation SKG, Inc.*, No. 6:11-cv-229, 2012 U.S. Dist. LEXIS 114199, at *17 (E.D. Tex. Jul. 27, 2012).

34.    Despite having knowledge of the '236 patent, Defendants named in this Count have specifically intended and continue to specifically intend for persons who acquire and use the Emerson Motion Control Systems, including Defendants' customers, to use such systems in a manner that infringes one or more claims of the '236 patent. This is evident when Defendants encourage and instruct customers and other end users in the use and operation of the Emerson Motion Control Systems via advertisement and instructional materials, in addition to providing consulting services on the use and operation of the Emerson Motion Control Systems.

35.    In particular, despite having knowledge of the '236 patent, Defendants have provided, and continue to provide, product descriptions and instructional materials, such as user guides, owner manuals, and similar online resources (available for example, via http://www2.emersonprocess.com/en-us/brands/deltav/documentation/pages/index.aspx, http://www2.emersonprocess.com/en-us/brands/deltav/documentation/pages/release-113.aspx, and https://www.youtube.com/results?search_query=emerson+DeltaV, and other instructional materials and documentation provided or made available by Defendants to customers after purchase) that specifically teach the customers and other end users to use the Emerson Motion Control Systems in an infringing manner. By providing such instructions, Defendants know (and have known), or should know (and should have known), that their actions have, and continue to, actively induce infringement.

36.     Additionally, Defendants named in this Count know, and have known, that the Emerson Motion Control Systems include proprietary hardware components and software instructions that work in concert to perform specific, intended functions. Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '236 patent and are not staple articles of commerce suitable for substantial non-infringing use.

37.     On information and belief, Defendants Emerson Automation and Emerson Technologies test, make, use, offer for sale, sell, and/or import the Emerson Motion Control Systems described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution, sale, and operation of such systems. Accordingly, Emerson Automation and Emerson Technologies are jointly, severally, or alternatively liable for infringements described in this Count.

38.     AMS has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to AMS in an amount that adequately compensates AMS for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 8,073,557)

39.     AMS incorporates paragraphs 1 through 12 herein by reference.

40.     U.S. Patent No. 8,073,557, entitled "Motion Control Systems," was duly and legally issued by the U.S. Patent and Trademark Office on December 6, 2011 after full and fair examination. The '557 patent has been assigned to AMS, and AMS holds all rights, title, and interest in the '557 patent, including the right to exclude others and to enforce, sue, and recover

damages for past, present, and future infringements.  A  true and correct copy of the '557 patent is attached as Exhibit C.

41.    The '557 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

42.    Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and all predecessors-in-interest to the '557 patent have complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement.

43.    Defendants have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more  claims of the '557 patent in this judicial district and elsewhere in Texas and the United States without the consent or authorization of AMS, by or through their making, having made, offering for sale, selling, importing, and/or using motion control systems including, for example, Emerson DeltaV Distributed Control System suite of products which includes but is not limited to Emerson OPC products such as OPC.Net and OPC Server, and the AMS Device Manager; and the RS3 process control system, and software (the "Emerson Motion Control Systems").

44.    Defendants directly infringe the apparatus claims of the '557 patent by making, using, offering to sell, selling, and/or importing the Emerson Motion Control Systems. Defendants also directly infringe the '557 patent by making, using, selling, offering for sale, and/or importing the Emerson Motion Control Systems to practice the claimed methods. Defendants are thereby liable for direct infringement.

45.    Additionally, Defendants are liable for indirect infringement of the '557 patent because they induce and/or contribute to the direct infringement of the patent by their customers

and other end users who use the Emerson Motion Control Systems to practice the claimed methods. Since obtaining knowledge of the '557 patent, Defendants have specifically intended and continue to specifically intend for persons who acquire and use the Emerson Motion Control Systems, including Defendants' customers to use such systems in a manner that infringes the '557 patent.

46.     Defendants have had knowledge of the '557 patent, at least as early as service of this Complaint. *See, e.g.*, *Patent Harbor, LLC v. Dreamworks Animation SKG, Inc.*, No. 6:11-cv-229, 2012 U.S. Dist. LEXIS 114199, at *17 (E.D. Tex. Jul. 27, 2012).

47.     Despite having knowledge of the '557 patent, Defendants named in this Count have specifically intended and continue to specifically intend for persons who acquire and use the Emerson Motion Control Systems, including Defendants' customers, to use such systems in a manner that infringes one or more claims of the '557 patent. This is evident when Defendants encourage and instruct customers and other end users in the use and operation of the Emerson Motion Control Systems via advertisement and instructional materials, in addition to providing consulting services on the use and operation of the Emerson Motion Control Systems.

48.     In particular, despite having knowledge of the '557 patent, Defendants have provided, and continue to provide, product descriptions and instructional materials, such as user guides, owner manuals, and similar online resources (available for example, via http://www2.emersonprocess.com/en-us/brands/deltav/documentation/pages/index.aspx, http://www2.emersonprocess.com/en-us/brands/deltav/documentation/pages/release-113.aspx, and https://www.youtube.com/results?search_query=emerson+DeltaV, and other instructional materials and documentation provided or made available by Defendants to customers after purchase) that specifically teach the customers and other end users to use the Emerson Motion Control Systems in an infringing manner. By providing such instructions, Defendants know (and

have known), or should know (and should have known), that their actions have, and continue to, actively induce infringement.

49.    Additionally, Defendants named in this Count know, and have known, that the Emerson Motion Control Systems include proprietary hardware components and software instructions that work in concert to perform specific, intended functions. Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '557 patent and are not staple articles of commerce suitable for substantial non-infringing use.

50.    On information and belief, Defendants Emerson Automation and Emerson Technologies test, make, use, offer for sale, sell, and/or import the Emerson Motion Control Systems described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution, sale, and operation of such systems. Accordingly, Emerson Automation and Emerson Technologies are jointly, severally, or alternatively liable for infringements described in this Count.

51.     AMS has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to AMS in an amount that adequately compensates AMS for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JOINDER OF PARTIES

52.    AMS incorporates paragraphs 1 through 51 herein by reference.

53.    On information and belief, Fisher-Rosemount Systems, Inc. and Rosemount, Inc. are wholly-owned subsidiaries of Emerson Electric Company and participate in or are responsible for the making, having made, offering for sale, selling, importing, and/or using the Emerson

Motion Control systems that are the subject of Counts I through III (or some subset thereof). Thus, for these Counts, the right to relief against Emerson Electric Company is asserted jointly and severally with Fisher-Rosemount Systems, Inc., and Rosemount, Inc.

54.    The alleged infringements set forth in Counts I through III arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the testing, making, using, offering for sale, selling, and/or importing of the Emerson systems made the subject of Counts I through III.

55.    Questions of fact common to all Defendants will arise in this action including, for example, infringement by, or through use of, Emerson systems.

56.    Thus, joinder of Emerson Electric Company, Fisher-Rosemount Systems, Inc., and Rosemount, Inc. is proper in this litigation pursuant to 35 U.S.C. § 299(a).

## JURY DEMAND

AMS hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

AMS requests that the Court find in its favor and against Defendants, and that the Court grant AMS the following relief:

a.    Judgment that one or more claims of the '058, '236, and '557 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others whose infringements have been induced by Defendants and/or by others to whose infringements Defendants have contributed;

b.    Judgment that Defendants account for and pay to AMS all damages to and costs incurred by AMS because of Defendants' infringing activities and other conduct complained of herein;

c.    Judgment that Defendants account for and pay to AMS a reasonable, ongoing, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

      d.      That AMS be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

      e.      That AMS be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: July 10, 2015                                Respectfully submitted,

                                                    */s/ Monte Bond*
                                                    Monte Bond (lead attorney)
                                                    Texas Bar No. 02585625
                                                    Jeffrey R. Bragalone
                                                    Texas Bar No. 02855775
                                                    Patrick J. Conroy
                                                    Texas Bar No. 24012448
                                                    Terry A. Saad
                                                    Texas Bar No. 24066015

                                                    **Bragalone Conroy PC**
                                                    2200 Ross Avenue
                                                    Suite 4500W
                                                    Dallas, TX 75201
                                                    Tel: (214) 785-6670
                                                    Fax: (214) 785-6680
                                                    mbond@bcpc-law.com
                                                    jbragalone@bcpc-law.com
                                                    pconroy@bcpc-law.com
                                                    tsaad@bcpc-law.com

                                                    Attorneys for Plaintiff
                                                    **AUTOMATION MIDDLEWARE
                                                    SOLUTIONS, INC.**